ANNA T. JONES, guardian, *in certiorari*, *vs.* CITY OF PORTLAND.

By § 9 of the charter of the city of Portland, the city council have exclusive authority, through a committee therein mentioned, to lay out, alter, or discontinue any and all streets in the city, without petition therefor.

A notice, duly published, reciting a petition, praying that a "survey be made of the westerly portion of Congress street, with reference to straightening and otherwise improving said street," and designating the time and place, when and where the committee will meet the parties interested, and "will adjudge and determine whether the public convenience requires said street to be laid out," is sufficient.

The report of the committee need not contain a detailed recital of the notice given.

The "westerly part of Congress street" is sufficiently definite.

CERTIORARI.

The writ and the return thereon, containing the petition of Royal R. Burnham and others; notice ordered upon the petition by the committee on laying out new streets; and the return of the committee made up the case.

The petition, signed by Royal R. Burnham and nine others, addressed to the mayor, aldermen, and city council of Portland, and dated April 16, 1866, was of the following tenor:

"The undersigned, owners of real estate on the street named below, do most respectfully petition that a survey be made of the westerly portion of Congress street, with reference to straightening and otherwise improving said street."

The notice, dated May 10, 1866, and signed by six persons styling themselves "committee on laying out new streets," after reciting the petition and reference of the same, on May 7, 1866, by the city council to the committee, continues as follows:

"Therefore, notice is hereby given to all parties interested, that the joint standing committee of the city council on laying out new streets, will meet to hear the parties and view the proposed way, on May 21, 1866, at four o'clock, P. M., at the junction of said Congress street with Portland street, and will then and there pro-

ceed to adjudge and determine whether the public convenience requires said street or way to be laid."

So much of the return of the committee as is essential is as follows:

"The undersigned joint standing committee on laying out new streets, to whom was referred by the city council on the 16th day of April, A. D. 1866, the petition of Royal R. Burnham and others, praying that a survey may be made of the westerly portion of Congress street, with reference to straightening and otherwise improving said street, have attended to that duty, and now report to the city council thereon as follows, viz.:

"Said committee gave due and legal notice to all parties interested therein, of the time and place where they would meet to view the proposed public way and hear the parties, by causing an advertisement thereof to be published in two daily papers printed in Portland, viz.: Portland Daily Press and Portland Eastern Argus, for one week at least previous to the time appointed therefor; and having met pursuant to said published notices at the junction of Congress with Portland street, the place of beginning, on the 21st day of May, at 4 o'clock in the afternoon, A. D. 1866, and having personally examined the way proposed, and heard all the parties interested therein, said committee did thereupon determine and adjudge that the public convenience and the necessities of the city required that said street or public way should be laid out and straightened as proposed, and accordingly we proceeded to lay out and did lay out," &c.

*Symonds & Libbey,* for the plaintiff.

I. That the record does not set forth what notice was given of the meeting of the committee to view the way, but assumes to determine that due and sufficient notice was given. The notice actually given should appear, and the court will then determine whether it is legal or not. *Lancaster* v. *Pope,* 1 Mass. 86.

As in levy upon real estate, general averment that notice was given according to law is insufficient. *Davis* v. *Maynard,* 9 Mass. 242. *Wellington* v. *Gale,* 13 Mass. 483.

II. That the notice actually given was insufficient.

(1) Because the description of the street proposed to be located was wholly indefinite. The only description is " the westerly portion of Congress street," a street three miles long.

There should be a description by courses and distances, else the notice gives no information to parties interested.

Compare the notice required to be given in similar cases by the county commissioners. R. S. c. 18, §§ 1 and 2.

(2) Because it did not appear by the notice that final action was then to be taken in locating the street. The petition was only " that a survey be made." The only action of the city council was to refer that petition to the committee, and the committee had no authority under that vote to locate a street. The city council must initiate action. The committee cannot do it. City Charter, Sect. 9. And the notice which they gave did not indicate an intention to do more than to act upon the petition referred to them. It was no notice to the public that a street was to be located or altered.

See, generally, *Dyer in Certiorari* v. *Lowell,* 33 Maine, 260. When the writ of *certiorari* has been issued, there is no discretion in the court. If errors appear the record must be quashed.

*Nathan Cleaves,* city solicitor, for the defendants.

APPLETON, C. J.  The issuing or the refusing to issue a writ of *certiorari* upon petition therefor, is a matter of judicial discretion. The rights of the parties are usually determined upon the hearing in the petition. If the alleged errors of record are purely technical, the court will not interfere. In the case before us, the writ was allowed to issue without any hearing on the petition.

The errors alleged to exist relate to the proceeding of the defendants in laying out and straightening Congress street. The writ requires the production of the record of the location, alteration, and laying out of the westerly portion of Congress street made in pursuance of the petition of Royal R. Burnham and others, dated April 16, 1866, and contained in the report of the joint standing committee of the city council, called the committee on laying out new streets, and the notices given by said committee of the time and

place of their proposed proceedings in relation to said petition, &c. These papers are all before us at the instance of the plaintiff.

By the charter of the city of Portland, § 9, the city council "have exclusive authority to lay out, alter, or discontinue any and all streets or public ways in the city of Portland, without petition therefor, and as far as extreme low-water mark."

By the same section "a joint standing committee of the two boards shall be appointed, whose duty it shall be to lay out, alter, widen, or discontinue any street or way in said city, first giving notice of the time and place of their proceeding to all parties interested, by an advertisement in two daily papers, printed in Portland, for at least one week previous to the time appointed."

The notice, as appears by the return of the defendants, recites a petition to lay out and re-run the westerly portion of Congress street, with reference to straightening the lines of said street, and designates the time and place where and when the joint standing committee will meet the parties interested, and will adjudge and determine whether the public convenience requires said street or way to be laid out.

It would seem that there could be no misunderstanding as to the meaning of this.

The return of the committee recites the petition for straightening and otherwise improving the westerly portion of Congress street, and states that said committee "gave due and legal notice to all parties interested therein of the time and place when they would meet to view the proposed public way, and hear the parties, by causing an advertisement thereof to be published in two daily papers in Portland, viz.: Portland Daily Press and Portland Eastern Argus, for one week at least previous to the time appointed therefor," &c.

The notice was published in the daily papers as required by § 9. It gave the time and place of hearing, and the purpose and object of the meeting. It was not necessary that the notice should be recited in the return. But by comparing one part with another, it appears that it contained the necessary facts. As the notice given

is, at the instance of the plaintiff, produced, and made part of the case, we think the record sufficiently discloses that it was a legal one.

It is objected that the description of the street is too indefinite. " The westerly part of Congress street" is the part of the street to be straightened and altered. The street is definite. It is not denied there is such a street well defined and legally established. The westerly portion thereof must mean the westerly half of the street, and that is sufficiently clear and definite.

The action of the city council may be had without petition. The petition therefor could do no harm. The notice was to "re-run the westerly portion of Congress street with reference to straightening the lines of the street." The notice gave to parties interested the purpose and object of their meeting. At this meeting, they adjudicated " that public convenience and the necessities of the city required that the said street or public way should be laid out and straightened," &c. The adjudication was upon the subject-matter for which the committee met.

*Proceedings of the city government affirmed.*

WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred. TAPLEY, J., concurred in the result.